UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALDINE ELIZABETH BURCH-
MACK,

      Plaintiff,

v.                                              Case No: 8:15-cv-1167-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## **ORDER**

Plaintiff, Geraldine Elizabeth Burch-Mack, seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision did not employ proper legal standards, the decision is reversed.

## BACKGROUND

### A.  Procedural Background

Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income on October 23, 2013. (Tr. 20.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 20.) Plaintiff then requested an administrative hearing. (Tr. 20.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 20.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 17–34.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–

3.)  Plaintiff then timely filed a complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1981, claimed disability beginning on September 1, 2013.  (Tr. 20, 32.)  Plaintiff has a high school education, obtained an associate's degree in criminal justice, and was five classes short of earning a bachelor's degree at the time of the ALJ's hearing.  (Tr. 32, 68–69.)  Plaintiff's past relevant work experience included work as a gunner, truck driver, clerk, firefighter, and loader in the United States Army, as well as a cake decorator and general office clerk.  (Tr. 32.)  Plaintiff alleged disability due to syncope, degenerative disc disease, allergies, right hip pain, bacterial infections, migraines, seizures, back pain, and posttraumatic stress disorder ("PTSD").  (Tr. 26, 253.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since September 1, 2013, the alleged onset date.  (Tr. 22.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: syncope, migraine headaches, degenerative disc disease of the spine, right hip pain, allergies, degenerative joint disease of the knees, depression, and PTSD.  (Tr. 23.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 23.)

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform less than the full range of light work with the following limitations: lifting and/or carrying twenty pounds occasionally and ten pounds frequently; standing, walking, and/or sitting for six hours in an eight-hour workday, with normal breaks; occasionally climbing ramps and stairs,

balancing, stooping, kneeling, crouching, and crawling, but never climbing ladders, ropes, or scaffolds; avoiding even moderate exposure to hazards and avoiding concentrated exposure to irritants, such as fumes, odors, dusts, and gases; and performing only simple, routine, and repetitive job tasks in an unskilled work environment with specific vocational preparation ("SVP") levels of one or two and only occasional interaction with the public.  (Tr. 25.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible.  (Tr. 26.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work.  (Tr. 31.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cleaner/housekeeper, a final assembler, and a document preparer.  (Tr. 32–33.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 33–34.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical,

physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled or not disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the

- 4 -

factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision based on the contention that the ALJ did not sufficiently consider the disability rating provided by the Department of Veterans Affairs ("VA") and did not provide adequate reasons for assigning it little weight. Plaintiff argues that this error requires remand because the VA's disability rating establishes greater mental limitations than those imposed by the ALJ and supports more restrictive work-related limitations. For the reasons that follow, this contention warrants reversal.

A VA's disability rating is entitled to great weight and must be considered by the ALJ in making a disability determination. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984); *see also Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) (providing that an ALJ's finding regarding a VA's disability rating may be implicit). However, the rating is not binding on the Commissioner, and the ALJ is not required to state the precise weight afforded to the VA's disability

determination.  *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 857 (11th Cir. 2013); *see* 20 C.F.R. § 404.1504 (providing that a decision by other governmental agencies regarding a claimant's disabled status is not binding on the ALJ).  Further, the Commissioner may assign limited weight to an agency's determination if the agency applies a lower disability standard than that of the Commissioner.  *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 786 (11th Cir. 2015); *see Pearson v. Astrue*, 271 F. App'x 979, 981 (11th Cir. 2008) (finding that the ALJ correctly explained that a claimant must satisfy a more stringent standard to be found disabled under the Social Security Act than under the VA's disability determination).

In this case, the record reflects that Plaintiff served in the United States Army from April 21, 2009, until June 17, 2014.  (Tr. 2670.)  In July 2014, Plaintiff was awarded an overall or combined 100% service-connected disability rating through the VA.[1]  (Tr. 2661, 2661–2669, 2670–2684.)  In rating Plaintiff's service-connected disability, the VA determined that certain medical conditions were related to Plaintiff's military service and assigned percentages to each condition.  (Tr. 2663–2664.)  In his decision, the ALJ correctly described the VA rating, including the 70% attributed to PTSD (also claimed as an adjustment disorder with depressed mood), 40% for status post vasovagal syncope secondary to dehydration (also claimed as passes out), and 30% for migraine headaches.  (Tr. 28, 2663–2664.)  Ultimately, however, the ALJ afforded the VA's disability rating little weight, stating:

> As for the opinion evidence, the undersigned has considered the opinion of the Department of Veterans Affairs (VA), who granted the claimant entitlement to a 100 percent service-connected pension (Exhibit 8F).  However, the opinion of another government agency regarding disability is based on its rules, while the undersigned Administrative Law Judge must make a disability determination based on Social Security law.  Therefore, a disability determination made by another agency is not binding (20 CFR 404.1504 and 416.904).  It is emphasized that the

---

[1] In assigning a combined rating, the VA "do[es] not add the individual percentages of each condition to determine [the claimant's] combined rating."  (Tr. 2664.)  Rather, the VA "use[s] a combined rating table that considers the effect from the most serious to the least serious conditions."  (Tr. 2664.)

opinion at Exhibit 8F was submitted in an effort to generate evidence for the current appeal. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored. Additionally, VA personnel essentially confine themselves to rating the claimant's VA percentage, which is not binding on Social Security due to the VA's more lenient and specific nature involving demanding military service. That is, the veteran may not be fit for the extraordinary demands of the armed forces, but would not be precluded from many civilian jobs *per se* (20 CFR 404.1504 and 416.904).

Significantly, in a "Memorandum for VA" dated September 13, 2013, the Department of the Army Physical Evaluation Board (PEB) specifically stated that the claimant was "physically unfit to continue military service" only (Exhibit 2F). In addition, the consultative general medicine examiner, Dr. Brown, opined on January 21, 2014 that, "The old records and medications are consistent with the majority of the claimed condition. There is no evidence of scoliosis, hip strain or foot callous on today's exam. There are no other significant findings on today's exam." Plus, the results of consultative x-rays of the claimant's left knee and thoracic and lumbar spine were unremarkable (Exhibit 4F).

Therefore, for the above reasons, the undersigned finds the opinion of the VA less than persuasive and accords it little weight.

(Tr. 30.)

Plaintiff argues that the ALJ erred in considering the VA's disability rating and in assigning it less than great weight. Specifically, Plaintiff argues that the ALJ superficially considered the VA's disability rating and did not engage in a meaningful review of the VA's disability determination. This Court agrees. In assigning the VA's disability rating little weight, the ALJ relied solely on the differing standards between the VA's disability determination and the Social Security Administration's disability determination. For example, the ALJ emphasized that a veteran who has been found unfit for the extraordinary demands of the armed forces would not necessarily be precluded from many civilian jobs. (Tr. 30.) The ALJ then explained that the VA's disability standards are more lenient, and thus lower, than the disability standards applied by the Commissioner. (Tr. 30.) Although this proposition is correct, the ALJ must still consider the VA's disability rating and cannot

reject it based on the mere fact that it is not binding.  *See Brady*, 724 F.2d at 921 (providing

that a VA's disability rating must be considered by the ALJ in making a disability

determination); *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp. 2d 1347, 1351 (M.D. Fla.

2010) (emphasizing that an ALJ may not reject a VA's disability rating because the criteria

differs from the Commissioner's "without any true analysis of the basis for the VA rating");

*Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) ("The ALJ's perfunctory

rejection of the VA disability rating as based on different criteria from Social Security

disability determinations does not indicate that he accorded it great weight as required by

the case law.").  Here, the ALJ did not offer any substantive reason for assigning the rating

little weight other than to reject it as a non-binding disability determination that differs

from the Commissioner's determination.

Although the ALJ's decision indicates that he considered the conditions identified

in the VA's rating (including PTSD, syncope, and migraine headaches) and the medical

evidence submitted to the VA, the ALJ did not specifically address the merits of the VA's

disability rating.  *See Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) ("While

we recognize that the ALJ's prior decision addressed at some length [the claimant's] VA

medical evidence, nonetheless, in its decision the ALJ should specifically also consider

and address the VA's Rating Decision itself.").  Rather, the ALJ's decision merely recites

the conditions and percentages included in the VA's letter summarizing the VA's rating

and offers no analysis of the VA's decision.  (Tr. 2661–2669.)

Specifically, there is no indication that the ALJ considered the VA's rating

decision, which provides a detailed explanation of the reasons for the VA's disability

rating.  (Tr. 2670–2684.)   For example, the VA's rating decision explains that the

percentage assigned to Plaintiff's PTSD was based on occupational and social impairment, difficulty in adapting to stressful circumstances, difficulty in adapting to work, inability to establish and maintain effective relationships, near-continuous depression affecting the ability to function adequately, and suicidal ideation.  (Tr. 2672–2673.)  The VA based this decision, in part, on Plaintiff's difficulty in understanding complex commands, forgetting to complete tasks, frequency of panic attacks, anxiety, and depressed mood.  (Tr. 2672–2673.)  The ALJ's decision does not address or discuss these findings or any other findings contained in the VA's rating decision regarding Plaintiff's medical conditions.  As such, the Court cannot conclude that the ALJ considered the VA's disability rating in making a disability determination in this case.  *See Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (finding that the ALJ properly considered the VA's disability when the ALJ "closely scrutinized the VA's disability decision and gave specific reasons for determining the VA's determination had little bearing on [the claimant's] case"); *Adams*, 542 F. App'x at 857 (affirming when the record showed that the ALJ "expressly considered and closely scrutinized" the VA's disability rating and "seriously considered it in making his own determination that [the claimant] was not disabled").

Further, although reasons to reject the VA's disability rating may exist, the Court cannot affirm simply because some rationale might have supported the ALJ's conclusion. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) ("We decline . . . to affirm simply because some rationale might have supported the ALJ's conclusion.").  Therefore, the Court reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remands the case to the Commissioner to consider the VA's disability rating and accompanying rating decision.

**CONCLUSION**

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1.  The decision of the Commissioner is **REVERSED** and the case is **REMANDED** under

    sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2.  The Clerk of the Court is directed to enter judgment consistent with this Order.

**DONE** and **ORDERED** in Tampa, Florida, on August 2, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record